MARTHA OWEN v. A. K. OWEN, Appellant.

**Cruel and Inhuman Treatment Defined.** A woman of twenty-seven marries a man of seventy-seven. One is inconsiderate and provoking, the other irritable. Some violence provoked by her conduct is used and once, in self-defense, he pushes her down, bruising her cheek. *Held*, neither is entitled to a divorce.     (1)

**Violation of Antenuptial Contract.** Breaking an antenuptial contract to discharge the duties of a wife, does not authorize a divorce.     (2)

*Appeal from Allamakee District Court.*—HON. W. A. HOYT, Judge.

TUESDAY, FEBRUARY 6, 1894.

PLAINTIFF asks that she be divorced from the defendant on the ground of cruel and inhuman treatment endangering her life, and for alimony. Defendant denies the allegations of cruel and inhuman treatment, and asks to be divorced from the plaintiff on the ground of desertion, and that a certain conveyance of land, executed at his instance, to the plaintiff, be

set aside, and that he be decreed to be the absolute owner of said land. Decree was entered granting a divorce to the plaintiff, and for costs and one hundred dollars attorney's fee, and giving to defendant the use of said land, and requiring him to keep the fences and buildings thereon in good repair. Defendant appeals. —*Reversed.*

*Stillwell & Stewart* and *F. S. Burling* for appellant.

*Dayton & Dayton* for appellee.

GIVEN, J.—I. These parties were married November 22, 1887; plaintiff then aged twenty-seven, having been recently divorced from a former husband, and the defendant, then aged seventy-seven, having had four wives, from three of whom he had separated, and one of whom was then living and divorced. Upon their marriage the plaintiff went to live with the defendant at his home upon the land in question, and they continued to live together until July 12, 1891, when she left him, and they have ever since lived apart. We first inquire whether the plaintiff has established her allegation of such inhuman treatment as to endanger her life. "The ill treatment contemplated by the statute is any course of conduct that endangers, apparently or in fact, the physical safety or health of the other, to a degree rendering it physically or mentally impracticable for the endangered party to discharge properly the duties imposed by marriage." *Wheeler v. Wheeler,* 53 Iowa, 511, 5 N. W. Rep. 689; *Knight v. Knight,* 31 Iowa, 456. In the latter case this court approvingly quotes the following: "Mere turbulence of temper, petulance of manner, infirmity of body or mind, are not numbered among these (grave and weighty) causes. When they occur, their effects are to be subdued by management if possible, or submitted to with patience,

for the engagement was to take for better, for worse; and painful as the performance of this duty may be, painful as it certainly is in many instances which exhibit a great deal of the misery that clouds human life, it must be attempted to be sweetened by the consciousness of its being a duty, and a duty of the very first class of importance. And it is not every slight touching of the wife by the husband, even in anger, which will justify a divorce. If what is complained of as cruelty is the result of the complainant's own misconduct, it will not furnish ground for the proceeding. The remedy is in her own power; she has only to change her conduct; otherwise, the wife would have nothing to do but misconduct herself, provoke the ill treatment, and then complain." It is not required, nor would it serve any good purpose, to here set out or discuss at length the evidence showing the manner in which these parties treated each other. It is enough to say that it shows that, owing to his advanced age, natural disposition, and rather coarse nature, the defendant was easily irritated, and at times exceedingly disagreeable and difficult to get along with. It shows that, while she was probably not unusually ill tempered, she was not as considerate in her treatment of the old man as she should have been, in view of his age and infirmities, and that, instead of endeavoring to soothe his irritable temper, she often provoked him to anger, and to such an extent that on two or three occasions he did use some violence towards her, and on one occasion to the extent of leaving marks of injury upon her person. According to the claim of plaintiff, and her own testimony and that of her two children, the defendant repeatedly knocked her down,—statements that were much modified on cross-examination. We do not think the defendant ever used any greater violence towards her than to push her, and to throw her upon the floor, and at one time to in some way bruise her cheek. At

the time he threw her upon the floor, so that her cheek was bruised, she struck him with a chisel, inflicting something of a wound upon the head, and cutting through his clothing on the arm. What the defendant did on that occasion seems to have been in his own defense. We conclude from the evidence that, if the plaintiff had treated the defendant as it was her duty to do, she would have had no occasion to complain of inhuman treatment, and that the treatment to which she was subjected was largely the result of her own misconduct. The remedy for such treatment was in her own hands, for we are convinced that, if she had forborne from provoking the old man, and had treated him as a wife of her age should have treated a husband of his, she would have had no occasion to apprehend bodily harm. We think the plaintiff has failed to establish her right to a divorce.

II. We next inquire whether the defendant is entitled to a divorce on the ground of desertion. That the plaintiff has willfully absented herself from the defendant since July, 1891, is not questioned, but, to entitle him to a divorce on that ground, the desertion must be without a reasonable cause, and for a space of two years. The desertion alleged occurred within two months prior to the filing of the defendant's cross petition, and does not, therefore, entitle him to a divorce. Defendant alleges an antenuptial contract, by which he agreed to, and afterward did, convey to her the land upon which they lived in consideration that she would marry him, and discharge the duties of a wife during his lifetime, and that, in disregard of her duties as a wife and her obligation under said contract, she had left him, and refused to live with him. The violation of an antenuptial contract is not a ground for divorce under our statute. For the reasons already stated, we conclude that the defendant is not entitled to a divorce as prayed. Our conclusion being that neither party is entitled to a

divorce, it is unnecessary that we consider the questions discussed with respect to alimony and to the land.   We think the record demands that we should leave these parties where they have placed themselves, and not put into the power of either to marry again, but leave them at liberty to do as they should, namely, to go together and live in the relation to which they stand pledged by their marriage.   The decree of the district court is reversed, and decree will be entered dismissing plaintiff's petition, and also the cross petition of the defendant, and that each party pay his own costs.   REVERSED.